UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 14-38-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ELIZABETH SCISCO, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 13] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Elizabeth Scisco, is charged with five violations of her supervised release, including using and possessing three different controlled substances and committing another federal crime – that of unauthorized use or possession of buprenorphine, oxymorphone, and morphine. [R. 13 at 1-2.] These violations occurred within the first three months of Scisco's beginning her period of supervised release.[1] On November 4, 2014, Judge Ingram conducted a preliminary hearing, at which Judge Ingram found probable cause to believe the violations set forth in the Report by the United States Probation Office, and remanded Scisco to custody pending her final hearing. Judge Ingram conducted a final hearing on November 17, 2014, at which Defendant Scisco competently stipulated to the charged violations. [*Id*. at 3.] On November 20, 2014, Judge Ingram issued a Recommended Disposition which recommended that Turner's term of supervised release be revoked and that Scisco be

---

[1] Shortly after Scisco began that term of supervision, her supervision was transferred to the Eastern District of Kentucky on September 22, 2014, from the Eastern District of Tennessee.

imprisoned for a term of fifteen (15) months with thirty-six (36) months of supervised release to follow. [*Id*. at 8.] Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, but noted that Congress mandates revocation by statute in a case of this nature because Scisco possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1). Judge Ingram also emphasized that Scisco is in need of treatment for a severe drug problem, and noted that a longer term of supervision is necessary given how quickly she violated her original term of supervision. Finally, pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [R. 13 at 8.] *See* 28 U.S.C. § 636(b)(1). As of this date, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 13**] as to Defendant Elizabeth Scisco is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Elizabeth Scisco is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Scisco's Supervised Release is **REVOKED**;

4. Scisco is **SENTENCED** to the Custody of the Bureau of Prisons for a term of fifteen (15) months with a term of thirty-six (36) months of supervised release to follow under the conditions originally imposed by District Judge Jordan in the Eastern District of Tennessee, and the Court recommends that Scisco be housed in the facility nearest to her mother's home for which she qualifies ; and

5. Judgment shall be entered promptly.

This the 10th day of December, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge