UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-38-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| ELIZABETH SCISCO, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Recommended Disposition [R. 41] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Elizabeth Scisco, is charged with violating the special condition of her revocation judgment that she be placed in a Residential Re-Entry Center for the six months following her release from custody. *Id.* at 2. Judgment was originally entered against the Defendant in January 2010, after Ms. Scisco pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and conspiracy to possess and distribute pseudoephedrine, knowing it would be used to manufacture methcathinone, in violation of 21 U.S.C. §§ 846 and 841(c)(2). *Id.* at 1. She was originally sentenced to seventy months of imprisonment followed by a three-year term of supervised release. *Id.* Ms. Scisco began her term of supervised release on August 8, 2014. *Id.*

Ms. Scisco had her initial supervised release revoked for admitting to the use and possession of buprenorphine, oxycodone and morphine. *Id.* These violations resulted in a

sentence of fifteen months of imprisonment and three years of supervised release. *Id.* Following the Defendant's state charge for fourth-degree assault, the Court added a condition requiring her to participate in mental-health treatment at the direction and discretion of the probation office. *Id.* at 2.

Ms. Scisco had her supervised release revoked for the second time following her confession that she committed crime and failed to report an arrest. *Id.* For these violations, she was sentenced to sixteen months of imprisonment followed by two-years of supervised release. *Id.* That revocation judgment added the special condition that the Defendant be placed in a residential re-entry center for a period of six months upon her release from incarceration. *Id.*

On December 17, 2018, Scisco was charged with one violation based on her dismissal from the residential re-entry center. *Id.* The Report alleges that she was dismissed from the facility for texting sexually explicit photographs to another resident. *Id.* at 3. The Report, also, includes correspondence that shows several other disciplinary reports filed against the Ms. Scisco since she began her residency at the re-entry center. *Id.* Ms. Scisco told the Probation Office that she had been removed from the facility because she contacted a former resident and had given her phone to another resident whose phone privileges had been revoked. Being removed from the re-entry facility would constitute a Grade C violation. *Id.*

At the final revocation hearing, held on February 25, 2019, Scisco competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 40.] On March 5, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended Scisco's supervised release not be revoked and that she continues under supervised release as currently set with the additional condition that she serve eight consecutive weekends of intermittent confinement. [R.

41 at 8.] Judge Ingram, also, recommended a status conference with him after Ms. Scisco finishes her intermittent confinement. *Id.*

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. *Id.* at 5. Ms. Scisco has violated the terms of her supervised release three times. *Id.* at 6. As she admits, she needs to change her pattern of behavior. Ms. Scisco is pregnant and has recently obtained new employment. *Id.* As a result, intermittent weekend confinement should be enough to change her behavior. *Id.*

There are several specific reasons for a below Guidelines range sentence. *Id.* at 7. While Ms. Scisco has continued along her pattern of making wrong choices, her present violation is less severe than others contemplated by the Court. *Id.* The sentence given is enough to teach Ms. Scisco that little decisions can still have big consequences. *Id.* She has, also, already served a significant amount of time in prison for conduct related to this case. *Id.* Therefore, weekend confinement will prevent her from making bad choices on the weekends and remind her of the high cost related confinement. *Id.*

Finally, Scisco's violation is a serious breach of the Court's trust. *Id.* The Defendant has violated the terms of her release on multiple occasions. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Scisco submitted a waiver of allocution. [R. 42.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other

standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 41**] as to Defendant Elizabeth Scisco is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Scisco is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Scisco's Supervised Release is **NOT REVOKED**;

4. Ms. Scisco is **SENTENCED** to serve eight consecutive weekends of intermittent confinement;

5. Ms. Scisco must complete her current term of supervision scheduled to end on September 23, 2020; and

6. The USPO must contact Judge Ingram following Ms. Scisco's completion of intermittent confinement for the purpose of scheduling a status conference for an update on the Defendant's welfare.

This the 15th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge